[No. 1186. February 25th, 1908.]

# PECOS VALLEY & NORTHEASTERN RAILWAY CO., Appellant, v. F. H. HARRIS, Appellee.

## SYLLABUS.

It is beyond the power of either railroad company or shipper to make a valid contract for less rate than the public schedule filed with the Interstate Commerce Commission, and notwithstanding such a contract the liability of the shipper is the rate so published and filed.

Appeal from the District Court for Chaves County, before EDWARD A. MANN, Associate Justice. Reversed and Remanded.

W. C. REID, for Appellant.

Where a question is submitted as to a particular fact which is pertinent to the issues, and necessarily to be determined by the jury, the court has no discretion to refuse. L. L. & G. R. Co. v. Rice, 10 Kas. 426; Bent v. Philbrick, 16 Kas. 191, 192; Briggs & Watson v. Eggan, 17 Kas. 589; Green v. Browne-Manzanares Co., 11 N. M. 668; Enc. P. & P., 310 and note, 317, 318; Compiled Laws,1897, sec. 2993; Kansas Laws of 1874, ch. 91, sec. 1; Robinson v. Palatine Ins. Co., 66 Pac. 535.

There can be but one rate and classification in force, and that is the one regularly filed with the Interstate Commerce Commission. 25 Stat. at Large 855, 3 Fed. Anno. 827; U. S. v. Hanley, 71 Fed. 674; Mo. Ry. Co. v. Trinity Lumber Co., 1 Tex. Civ. App. 553; Mo. etc. R. R. Co. v. Stoner, 5 Tex. Civ. App. 50; Dilinger v. Fish, 1 Tex. Civ. App. 546; Gulf Col. & Santa Fe R. R. Co. v. Nelson, 4 Civ. App. 345; R. R. Co. v. Hefley, 158 U. S. 98, 72 Am. State Rep. 941, 43 L. R. A. 385; Southern Ry. Co. v. Harrison, 119 Ala. 539; U. S. v. Wood, 145 Fed. 405; St. Louis & San Francisco R. R. Co., v. Ostrander, 66 Ark. 567; Moore on Carriers (1906) sec. 11, p. 935; U. S. v. Michigan Cent. Ry. Co., 43 Fed. 26.

Shippers are presumed to know of the existence of published schedules and the necessity of compliance therewith. They will be held to have contracted with reference

to the rates fixed by such published schedule, regardless of any contract that may be made by any person or agent of any railroad having a published tariff. R. R. v. Hubbell, Kas., 38 Pac. 266; Gerber v. Wabash R. R. Co., 63 Mo. App. 145; Railway Co. v. Dismukes, 17 L. R. A. 113, 94 Ala. 131, overruled by Southern Railway Co. v. Harrison, 119 Ala. 539; Church v. Minneapolis R. R. Co., 14 So. Dak. 443.

It was error to admit contracts in evidence that were absolutely and fatally at variance with the pleadings. 2 Greenleaf on Evidence, secs. 11 to 13.

NO APPEARANCE FOR APPELLEE.

### OPINION OF THE COURT.

PARKER, J.—This was an action brought by the appellant for the recovery of the amount of freight due from the appellee upon a shipment of freight from Kansas City, Missouri, to Roswell.

The appellee secured from the appellant a bill of lading, which classified the freight as "an emigrant outfit", while the contention was made that the freight was in fact "a grader's outfit."

The court below tried the case upon the theory that if the appellee had obtained from the appellant a contract for the shipment of goods, the contract furnished the measure of recovery, notwithstanding the same may have been for a less rate than that established by the appellant and filed with the Inter-State Commerce Commission, as required by the Federal Statute.

This was erroneous. It is beyond the power of either a railroad company or a shipper to make a valid contract for a less rate than the published schedules filed with the Inter-State Commerce Commission and notwithstanding a contract of this kind, the measure of liability of the shipper is the rate so published and filed. R. R. v. Mugg & Dryden, 202 U. S. 242.

For the reasons stated, the judgment of the court below is reversed and the cause remanded with instructions to award a new trial and proceed in accordance with this opinion.